# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY HAMILTON, )<br>individually and as the father and guardian of )<br>AA, a minor, )<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>OSWEGO COMMUNITY UNIT SCHOOL )<br>DISTRICT 308; and OSWEGO COMMUNITY )<br>UNIT SCHOOL DISTRICT 308 BOARD OF )<br>EDUCATION )<br>      Defendants. ) | Case No. 20 CV 292 |

## COMPLAINT

Plaintiff, Bradley Hamilton, individually and as the father and guardian of AA, a minor, by and through his counsel, RAPIER LAW FIRM, brings this lawsuit against Defendants, Oswego Community Unit School District 308 and Oswego Community School District 308 Board of Education, and in support thereof states as follows:

1. Plaintiff, Bradley Hamilton, is a resident and citizen of the State of Illinois. Plaintiff is the father and guardian of AA, a minor.

2. Defendants, Oswego Community Unit School District 308 and Oswego Community School District 308 Board of Education, were responsible for providing a free and appropriate education to AA.

3. Defendants, by and through their employees and authorized agents, unlawfully retaliated against Plaintiff in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 749, and Title II of the American with Disabilities Act, 42 U.S.C. Sec. 12203.

4. Specifically, Defendants made a hotline call to the Illinois Department of Children and Family Services ("DCFS") in retaliation for: Plaintiff's attempts to secure special education

1

services and accommodations for AA; and Plaintiff's complaints against Defendants regarding Defendants' violations of the Individuals with Disabilities Education Act.

5. This Court has jurisdiction over the parties and the subject matter of this lawsuit based on 28 U.S.C. § 1331. All parties are residents and citizens of the State of Illinois. Plaintiff's claims arise under Section 504 of the Rehabilitation Act, 29 U.S.C. § 749 and Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. §12203.

6. In accordance with 28 U.S.C. § 1391, Venue is proper because Defendants resided and a substantial part of the events giving rise to Plaintiff's claims occurred within this Judicial District.

7. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). It is illegal to "discharge, intimidate, retaliate, threaten, coerce or otherwise discriminate against any person" for seeking to enforce Section 504. 29 C.F.R. § 33.13.

8. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The anti-retaliation provisions of Title II of the ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful" by this Act. 42 U.S.C. § 12203; 28 C.F.R. 35.134.

9. At all times relevant to the Complaint, AA was disabled, as defined in the Rehabilitation Act and the ADA, and qualified to receive special education services.

10. Plaintiff was engaged in a legally protected activity when Defendants retaliated against

him.

11.     Defendants knew Plaintiff was engaged in a legally protected activity when Defendants retaliated against him.

12.     Defendants took an action adverse to Plaintiff.

13.     Plaintiff's legally protected activity and Defendants' adverse action were causally connected. Defendants would not have retaliated against Plaintiff had Plaintiff not engaged in the legally protected activity.

14.     There was no legitimate or non-discriminatory reason for the adverse action taken by Defendants.

15.     Specifically, Defendants by and through their authorized agents and employees, reported that Plaintiff had abused or neglected AA. Defendants' report to DCFS occurred the day after the parties' two-day hearing on AA's Individualized Education Program or IEP, and the day after Plaintiff complained that Defendants had violated the IDEA.

16.     Plaintiff was damaged as a result of Defendants' adverse action and violations of law.

17.     Plaintiff seeks all damages, attorney's fees and other remedies allowed by law.

18.     Plaintiff demands trial by jury on all claims and issues so triable.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants; that costs of suit and the assessment of attorney's fees be taxed against Defendants as allowed by law; and that a jury award all compensatory damages proximately caused by Defendants' adverse action and violations of law, as set forth above.

Dated: January 15, 2020                                      Respectfully submitted,

                                                                     By: /s/ Aaron W. Rapier

Aaron W. Rapier
Rapier Law Firm
1770 Park Street, Suite 200
Naperville, IL 60563
(630) 853-9224 (phone)
IL No. 6270472
arapier@rapierlawfirm.com