UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY HAMILTON and ELIZABETH HAMILTON, *individually and as the parents of guardians of AA, a minor,* and AA,<br><br>    Plaintiffs,<br><br>v.<br><br>OSWEGO COMMUNITY UNIT SCHOOL DISTRICT 308 and OSWEGO COMMUNITY UNIT SCHOOL DISTRICT 308 BOARD OF EDUCATION,<br><br>    Defendants. | Case No. 20-cv-0292<br>Judge Steven C. Seeger<br>Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed more fully below, Plaintiffs' Motion for Sanctions [58] is denied. The parties are ordered to file an updated joint status report on February 28, 2022, informing the Court of any additional fact discovery the parties need to complete and proposing any expert discovery necessary.

**BACKGROUND**

On January 16, 2018, Plaintiffs Bradley Hamilton and Elizabeth Hamilton attended a meeting regarding the Individualized Education Program ("IEP") for their then-five-year-old daughter, Plaintiff AA; the meeting included members of Defendant Oswego Community Unit School District, including AA's school principal, AA's school psychologist, and AA's school social worker. [Dkt. 58 at 2.] According to Plaintiffs, the meeting was "lengthy and contentious" and "tempers flared" to the point that "the adult Plaintiffs, through an advocate they employed to

1

assist with AA's IEP, accused Defendants of violating special education laws by *inter alia* predetermining AA's diagnoses and eligibility for special education services." [Dkt. 58 at 2-3.]

The following morning, just before school was set to start, the school principal and psychologist were speaking with AA when they noticed a bruise on her waist. [Dkt. 64.] When AA stated that the bruise hurt and could not account for its origins to the satisfaction of the principal and school psychologist, they recommended AA go see the school nurse, Dominique Acuff. [Dkt. 64.] "[T]he school nurse questioned AA about what happened, performed a physical examination of AA, documented bruises, and took a photograph of a bruise on AA's right hip located below her belt line." [Dkt. 58 at ¶ 8.] At that time, Ms. Acuff did not believe the bruise triggered any reporting duties to the Illinois Department of Child and Family Services ("DCFS"), and sent AA back to class shortly after 9:00 a.m. [Dkt. 58 at ¶ 9.]

At approximately 3:00 p.m. that same day (January 17, 2018), the social worker and school psychologist took AA out of class to talk to her about some issues related to her behavioral progress as well as the unexplained bruise. [Dkt. 58 at ¶ 14.] According to the social worker, AA suggested the bruise may have come from her sister biting her and also indicated that her father would "tickle" her buttocks and vagina. [Dkt. 64.] AA went home on the bus when school ended at 3:35 p.m. that day. [Dkt. 58 at ¶ 17.]

In light of AA's statement, the social worker and psychologist met with the principal and the school's Student Services Director; they decided to make a report to DCFS for suspected abuse and made a hotline call to DCFS at approximately 4:28 p.m. [Dkt. 58 at ¶ 19.] After an investigation, DCFS determined the allegations of abuse or neglect were "unfounded." [Dkt. 96-8.]

Plaintiffs filed suit alleging that Defendants retaliated against AA's parents, Bradley and

Elizabeth Hamilton, for accusing Defendants of violating special education laws by making a sham DCFS hotline call in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §749, and Title II of the American with Disabilities Act, 42 U.S.C. §12203, and retaliated against AA in violation of the same statutes by subjecting her to an unlawful search and seizure when she was taken to the nurse's office and photographed.

During discovery, it became clear the photograph Ms. Acuff took of AA's bruise had been deleted and could not be recovered. [Dkt. 72 at 49:14-50:3.] Ms. Acuff testified she had taken the picture on her personal cell phone and deleted it several days later; she testified it was her normal practice to delete photographs "within days generally as soon as I know it's not needed," but would run that decision by someone in the administration before doing so. [*Id.*] Additionally, the nurse's note for January 17, 2018 lacks any narrative discussion of AA's visit to the nurse's office that day. [Dkt. 62.] There is nothing written in the "comments" section, and this is the only note written by Ms. Acuff that lacks comments.[1] Ms. Acuff testified she did not have any understanding why there was no text in the comments section of the January 17 note, but she has found that sometimes a note will not save if she fails to hit save properly or exits out of the note before it has saved. [Dkt. 96-5 at 29:19-21, 43:15-19.] Any authorized user would have access to the note to edit or delete information, but at some point after the note was written, the school changed note-keeping software and the parties cannot audit the activity logs to see if anyone altered the nurse's note of January 17, 2018. [Dkt. 72 at 36:11-14; Dkt. 74.] Plaintiff filed the instant motion seeking sanctions based on the missing photograph and nurse's note, pursuant to Federal Rule of Civil Procedure 37(e). The motion is fully briefed and ripe for disposition.

---

[1] There is one nurse's note where the narrative portion is entered under "followup notes" and the comments section is blank, but the initials on that note show that it was completed by a substitute nurse, not Ms. Acuff. [Dkt. 62.]

3

## **DISCUSSION**

### A.     Federal Rule of Civil Procedure 37(e)

Federal Rule of Civil Procedure 37(e) provides the following:

> (e)     Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation   is lost because a party failed to take reasonable steps to preserve it, and it cannot be   restored or replaced through additional discovery, the court:
>
>> (1)     upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2)     only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

"Rule 37(e) provides the sole source to address the loss of relevant ESI that was required to be preserved but was not because reasonable steps were not taken, resulting in prejudice to the opposing party." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 2021 WL 185082, at *75 (N.D. Ill. Jan. 19, 2021) (citing *Snider v. Danfoss, LLC*, 2017 WL 2973464, at *3-4 (N.D. Ill. July 12, 2017)). Federal Rule of Civil Procedure 37(e) requires the following to find a violation: that the lost information (1) must be electronically stored information ("ESI"), (2) existing during anticipated or actual litigation, (3) which "should have been preserved" because it is relevant; (4) was "lost because [] a party failed to take [] reasonable steps to preserve it" and (5) cannot be restored or replaced through additional discovery. Moreover, "[i]f any of these five prerequisites are not met, the court's analysis stops, and sanctions cannot be imposed under Rule 37(e)." *Snider*, 2017 WL 2973464 at 4. Below is a flow chart for Rule 37(e) analysis:

4



DR Distributors, 2021 WL 185082, at *75 (citing Hon. Iain D. Johnston & Thomas Y. Allman, *What Are the Consequences for Failing to Preserve ESI: My Friend Wants to Know*, Circuit Rider 57-58 (2019)).

The inquiry surrounding the duty to preserve is "based on the specific circumstances and

facts and whether those facts give rise to a reasonable foreseeability that litigation will ensue," and can take place well before a formal discovery request is made. *Does 1-5 v. City of Chicago*, 2019 WL 2994532, at *2 (July 9, 2019). A party to litigation has "a duty to preserve when it 'knew, or should have known, that litigation was imminent' or reasonably foreseeable, and that the [ESI] was material to that prospective litigation." *Id.* (quoting *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008)). "Often these events provide only limited information about that prospective litigation, however, so that the scope of information that should be preserved may remain uncertain. It is important not to be blinded to this reality by hindsight arising from familiarity with an action as it is actually filed." Fed. R. Civ. P. 37, 2015 Amendment Advisory Committee Notes. "A party's duty to preserve specific types of documents does not arise unless the party controlling the documents has notice of those documents' relevance." *In re Old Banc One Shareholders Sec. Litig.*, 2005 WL 3372783, at *3 (N.D. Ill. Dec. 8, 2005). "[T]he events that alert a party to the prospect of litigation may only provide a limited set of information about prospective litigation such 'that the scope of information that should be preserved may remain uncertain.'" *Does 1-*5, 2019 WL 2994532, at *5 (quoting Fed. R. Civ. P. 37, 2015 Amendment Advisory Committee Notes.) "[T]he duty to preserve potentially discoverable information does not require a party to keep every scrap of paper. Instead, a party is required to keep relevant evidence over which it had control and reasonably knew or could foresee was material to the litigation." *Id.* (quoting *In re Old Banc One Shareholders Sec. Litig.*, 2005 WL 3372783, at *3.)

### B. The Photograph

The Court does not believe Defendants had a duty to preserve Ms. Acuff's photograph of AA's bruise. At the time Ms. Acuff deleted the photograph, it was not reasonably foreseeable the instant litigation would be forthcoming. Although the DCFS hotline call may have alerted

6

Defendants to the likelihood of an investigation, it does not logically follow that every investigation ends in litigation. In point of fact, there was no litigation that stemmed from the DCFS investigation; DCFS investigated the hotline tip and determined the allegations were unfounded. Similarly, although Bradley and Elizabeth Hamilton had accused the school of violating special education laws during the IEP meeting, that would not alert Defendants to the likelihood litigation was imminent or foreseeable. Even if Defendants did expect litigation after the IEP meeting, the reasonably foreseeable litigation would arise from Defendants' alleged failure to comply with special educations laws, and the accompanying duty to preserve ESI would be related to materials relevant to that potential lawsuit; the photograph of AA's bruise would not have been relevant to such litigation. On the record before the Court, there was no indication at the time Ms. Acuff deleted the photo that Plaintiffs were contemplating litigation against the school for anything related to the nurse's visit or the DCFS call.[2] As such, there was no duty to preserve the photograph, and the Court cannot find that Defendants violated Rule 37(e) by deleting it.

Even if the Court believed Defendants had a duty to preserve Ms. Acuff's photograph at the time it was deleted, the Court does not believe Plaintiffs were prejudiced by its deletion or that Defendants intended to deprive Plaintiffs from using the photograph in litigation. First, the Court does not believe Plaintiffs were prejudiced by this deletion. *See* Fed R. Civ. P 37(e)(1). "To suffer

---

[2] Plaintiffs assert Defendants had an independent duty outside of their duties pursuant to Rule 37(e). Plaintiffs argue the Illinois School Student Records Act (the "ISSRA"), 105 ILCS 10/1 *et seq.*, and the school's document retention policy required Defendants to keep the photograph as part of AA's student record. Even if the Court agreed that Defendants violated the ISSRA or school policy by deleting the photograph, "[t]he fact that a party had an independent obligation to preserve information does not necessarily mean that it had such a duty with respect to the litigation." Fed. R. Civ. P. 37, 2015 Amendment Advisory Committee Notes; *see also*, *Martinez v. City of Chicago*, 2016 WL 3538823, at *24 (N.D. Ill. June 19, 2016); *Cross v. XPO Express, Inc.*, 2017 WL 10544635, at *5 (D.S.C. Sept. 25, 2017). The Court does not believe these independent duties necessarily demonstrate a duty to preserve the photograph vis-à-vis the current litigation; to the extent Plaintiffs believe Defendants violated the ISSRA, they have causes of action they may bring pursuant to that statute. *See* 105 ILCS 10/9. Furthermore, as discussed below, the Court does not believe Plaintiffs are prejudiced by the deletion of the photograph in a way that warrants sanctions pursuant to Rule 37(e).

substantive prejudice due to spoliation of evidence, the lost evidence must prevent the aggrieved party from using evidence essential to its underlying claim;" however, "the abundance of preserved information may appear sufficient to meet the needs of all parties." *Does 1-5*, 2019 WL 2994532, at *2 (citations and quotations omitted). Here, the deleted photograph may have been relevant: 1) to show Defendants' search of AA was unreasonable because it involved examining and photographing an unnecessarily private area of AA's body, or 2) to show that the nature and location of the bruise was so innocuous that Defendants' DCFS hotline call must have been made in retaliation against Plaintiffs. However, both parties agree they have access to photographs of AA's bruise from the DCFS files taken approximately 24 hours after Ms. Acuff's picture was taken. This is sufficient to document the nature and location of the bruise and should allow Plaintiffs to make any arguments they need to regarding the reasonableness of the alleged search or the reasonableness of the hotline call. While the DCFS photos are not identical to the original photograph (as Defendants unpersuasively argue in their brief), they are sufficiently similar to cure any prejudice that may have occurred from the deletion of Ms. Acuff's photograph. Second, there is no evidence Ms. Acuff intentionally deleted the photograph to deprive Plaintiffs of access to it. *See* Fed. R. Civ. P. 37(e)(2). Ms. Acuff testified she typically deletes photographs within a few days after determining they are not needed any more, and the Court finds that explanation credible and applicable in this instance. The Court denies the motion as it pertains to the nurse's photograph.

### C. The Nurse's Note

The Court also denies the motion because Plaintiffs have not provided any evidence that the comments section of the nurse's note ever existed. "There is no duty to preserve that which does not exist." *Love v. City of Chicago*, 2017 WL 5152345, at 5 (N.D. Ill. Nov. 7, 2017). At this

8

point, Plaintiffs have "offered no evidence, other than [their] own speculation," that the comments section had ever been filled in, which is insufficient to support a finding of spoliation. *See Owen v. Patek*, 2019 WL 3253180, at *2 (W.D. Wis. July 19, 2019). The implication in Plaintiffs' filings appears to be that some unnamed person with access to the nurse's note deleted the comments after Ms. Acuff had saved the note, but there is simply not sufficient evidence to support this theory.[3] Ms. Acuff herself could not remember typing any such note and testified that sometimes notes failed to save based on simple user error.[4] Plaintiffs have failed to meet their burden to show that the narrative portion of the January 17 note ever existed in the first place, let alone destroyed. *See Bergeron Davila v. Moran*, 2018 WL 4188474, at *2 (E.D. Wis. Aug. 31, 2018) (citing *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013)). Therefore, the motion is also denied as to the comments in the nurses note of January 17, 2018.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Sanctions [58] is denied.

**ENTERED: February 22, 2022**

Susan E. Cox,
United States Magistrate Judge

---

[3] The Court is not saying Plaintiffs are prohibited from raising the whereabouts of the comments or access to the nurse's notes at trial. The Court does not reach that issue in this opinion. The only question before the Court is whether Plaintiffs have submitted sufficient evidence to support a motion for sanction based on Rule 37(e).

[4] Even if the Court found that the note existed and there was a duty to preserve it, the Court does not believe Ms. Acuff failed to take reasonable steps to preserve her note, and certainly did not show any intent to deprive Plaintiffs of the note in this litigation.