IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY HAMILTON, </br>Individually and as the father and </br>Guardian of AA, a minor, </br></br>   Plaintiff, </br>V. </br></br>OSEWGO COMMUNITY UNIT SCHOOL </br>DISTRICT 308; and OSWEGO </br>COMMUNITY UNIT SCHOOL DISTRICT </br>308 BOARD OF EDUCATION, </br></br>   Defendant. | Case No.: 20 CV 292 </br></br>Honorable Steven C. Seeger |

**DEFENDANTS' STATEMENT RE: DISCOVERY ISSUES**

NOW COME the Defendants, OSEWGO COMMUNITY UNIT SCHOOL DISTRICT 308 and OSWEGO COMMUNITY UNIT SCHOOL DISTRICT 308 BOARD OF EDUCATION [collectively "the District"], by and through their attorney Ericka J. Thomas of Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and, as directed by the Court, submit the following statement and supporting exhibits concerning the disclosure of the nurse's note and the alleged deletion of the nurse's photograph:

1. On March 9, 2022, this Court held a status hearing with the parties concerning specific outstanding discovery issues and also considered the Plaintiffs' Motion for Leave to File a Third Amended Complaint.

2. The Court ordered the Defendants to submit this statement concerning disclosure of two specific discovery issues related to a nurse's note in

1

AA's medical record and concerning the nurse's alleged deletion of a photograph of AA.

**BACKGROUND**

3. It is notable that the parties were waiting for a ruling on a Motion to Dismiss in this matter until early 2021. That ruling was entered by this Court on February 26, 2021.

4. In its February 26, 2021 Order, the Court granted dismissal of several claims and ordered the Plaintiff to file a more definite statement of claims advanced by AA.

5. Although the Defendants had served subpoenas on outside agencies (DCFS and Oswego Police Department) while the Motion was pending, the Defendants were reluctant to begin discovery until they were clear about the nature of claims they were defending due to the sensitive nature of the potential discovery concerning AA and the DCFS call.

6. The District had provided Plaintiffs with almost 700 pages of student records pursuant to a record request in June 2020, including a significant number of documents related to the IEP.

7. In early 2021, the District also received records from DCFS that included a picture of AA's large bruise, which were also forwarded to Plaintiff's counsel. (NOTE: Plaintiffs also served their own subpoena on DCFS)

8. Plaintiffs filed their Second Amended Complaint on March 19, 2021 and Defendants filed their Answer to that Complaint on April 19, 2021.

9. Written discovery was exchanged soon after that date and the parties began to develop the case.
10. In early June 2021, the undersigned reached out to Principal Dr. Jennifer Groves concerning additional discovery requests and the matter in general.
11. Due to it being summer vacation, numerous District personnel were unable to access District buildings for documents needed or were not responding to emails/calls and could not be contacted.
12. Dr. Groves was unable to get back into her school building until July 6, 2021.
13. The undersigned met with Dr. Groves on July 6, 2021 at AA's school.
14. It was at that time that the undersigned was presented with a Google document prepared collectively by District personnel concerning the DCFS report that was made concerning AA and what led up to that report. (See attached Exhibit 1)
15. In that report, there is a reference to a photograph taken by the nurse. This is the first that the undersigned became aware that there was possibly a photograph of the bruise taken by any District personnel.
16. The undersigned requested a copy of the photograph referred to in the Google document.
17. Dr. Groves advised that the nurse, Dominique Acuff, was the only District personnel that would be able to provide that photograph. Dr. Groves

3

provided me with Nurse Acuff's contact information and an attempt to reach her was made.

18. On July 14, 2021, the undersigned finally received an email back from Nurse Acuff. (Exhibit 2)

19. The undersigned met with Nurse Acuff on July 23, 2021 concerning, among other things, her notes and the photograph.

20. On that date, Nurse Acuff was unable to pull up her nursing notes because of the change in District computer systems (from eSchool to Tyler). Nurse Acuff could also not specifically recall AA or taking a photograph of AA, despite reference to a photograph in the Google document. Upon review of her phone, Nurse Acuff was unable to locate any photographs of AA. Nurse Acuff was also unable to locate any photographs of AA in her paper medical file. The DCFS photograph was displayed to Nurse Acuff instead to discuss the incident with counsel.

- **Nurse's Notes**

21. With regard to disclosure of the nurse's note, the undersigned met with District employee, Valerie Patterson, who is the Director of Student Services for the District, on July 28, 2021. In addition to preparing her for her upcoming deposition, the undersigned also raised some issues concerning obtaining discovery related to this matter, including any nursing records.

4

22. During that meeting, Ms. Patterson advised that any records for the relevant time frame of this case would be located in the old computer system (eSchool).

23. Later that day, Ms. Patterson forwarded the nurse's records via email to the undersigned. (See attached Exhibit 3)

24. On August 4, 2021, the undersigned forwarded the nurse's notes, the nurse's resume and a DCFS Mandated Reporting document to Plaintiffs' counsel via email. (See attached Exhibit 4, with attachments)

25. Plaintiff's counsel was in possession of those documents and used those documents during the nurse's deposition on August 5, 2021.

- **<u>Nurse's Photograph</u>**

26. As noted previously, Nurse Acuff was unable to pull up a photograph of AA on her phone during the meeting with undersigned on July 23, 2021 and did not specifically recall taking a photograph of AA. Although a photograph was referred to in the Google document, Nurse Acuff was unclear whether a photograph had ever been taken and, if so, what happened to the photograph. The undersigned used the DCFS photograph of AA's bruise to prepare Nurse Acuff (and other witnesses) for their depositions.

27. During Nurse Acuff's deposition, she gave the following sworn testimony:

    Q:    Have you ever taken a photograph of [AA]?

    A:    I don't recall.    (Exhibit 5, p. 23)

    ....

5

> Q: Have you ever deleted a photo of [AA] from your phone?
>
> A: I don't recall. (Exhibit 5, p. 40)
>
> …
>
> Q: Did you ever provide to DCFS any photo of [AA] that you took?
>
> A: No. (Exhibit 5, p. 41)
>
> …
>
> Q: If you took a photograph of [AA] with your cellphone, would you still have that photo?
>
> A: No.
>
> Q: Why is that?
>
> A: I delete it within days generally as soon as I know its not needed.
>
> Q: I think you may have already answered this, but is it your testimony that even though you don't remember specifically deleting a photo of [AA], if you had taken one, you would have deleted it within days once you knew it was no longer needed?
>
> A: Correct. (Exhibit 5, p. 49-50)

28. Both the undersigned and Plaintiffs' counsel obtained this knowledge on the same day during Nurse Acuff's deposition on August 5, 2021.

29. Although it is presumed the photograph was deleted because Nurse Acuff could not locate such a photograph on her phone, Nurse Acuff does not recall if she took the photograph and, if she did, whether she deleted it.

30. The sworn deposition of Nurse Acuff on August 5, 2021 was notice to Plaintiffs' counsel about the photograph issue.

6

31. In sum, Plaintiffs' counsel was provided with a full copy of the nurse's notes on August 4, 2021 and had full information concerning the unknown status of any photograph allegedly taken by Nurse Acuff as of August 5, 2021.

32. The discovery cutoff in this matter was September 30, 2021.

Respectfully Submitted,

**OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.**

BY: /s/ Ericka J. Thomas

One of Defendant's Attorneys

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
Ericka J. Thomas – ARDC: 6209980
1804 N. Naper Blvd; Suite 350
Naperville, Illinois 60563
630-682-0085
Email: ethomas@ottosenlaw.com

7