**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRADLEY HAMILTON, <br> individually and as the father and guardian of <br> AA, a minor, et al, <br>       Plaintiffs, | ) <br> ) <br> ) <br> ) <br> ) | |
|       v. | ) <br> ) | Case No. 20 CV 292 |
| OSWEGO COMMUNITY UNIT SCHOOL <br> DISTRICT 308; and OSWEGO COMMUNITY <br> UNIT SCHOOL DISTRICT 308 BOARD OF <br> EDUCATION <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Hon. Steven C. Seeger |

## UPDATED JOINT STATUS REPORT

In accordance with the Court's April 18, 2022, Minute Order (Doc. 107), the parties have

met and conferred and jointly submit the following status report.

### 1. Additional Discovery

#### A. Nursing Note

The Defendant District has been in contact with the support staff of the program that was in use while AA attended its school, eSchool, concerning gaining access to any audit trails for AA's nursing records. With assistance from the representatives of eSchool, Defendants have obtained an audit trail for the nurse's note and has produced that to the Plaintiffs. The audit trail was in Microsoft Excel format. Plaintiffs' counsel has consulted with his IT representative, Lee Neubecker at Enigma Forensics. Mr. Neubecker believes additional electronically stored information can be retrieved. In accordance with this Court's standing order on discovery, the parties' IT representatives will meet and confer on Wednesday May 4, 2022, to discuss *inter alia* the retrievability of additional electronically stored information (if any). After that meet and confer, the parties propose that counsel update the Court with a supplemental Joint Status Report. Should any additional discovery be needed on this subject matter, Plaintiffs anticipate it would be a forensic examination of Defendants' server and that examination could be completed within thirty (30) of this Court's permission to proceed.

#### B. Nurse's Cell Phone

The school nurse is not a party to this case. Defendants are not in possession of the school nurse's cell phone. As a result, Defendants have taken the position the cell phone would need to be subpoenaed from the school nurse directly. With the

1

Court's permission to do so, Plaintiffs would serve a subpoena on the school nurse for a forensic examination of her cell phone and that examination could be completed within fourteen (14) days of Plaintiffs securing physical custody of the cell phone.

C. Additional Discovery

Subject to "A" and "B" *supra*, the parties do not anticipate and are not requesting any additional discovery related to the Third Amended Complaint. Defendants do not object and are cooperating with Plaintiffs concerning additional conferencing between the parties' IT consultants about the audit trail for the nurse's note. Depending on what Plaintiffs' IT consultant recommends, the Defendants may be objecting to a further outside forensic exam because of the confidential nature of records kept by the District or specific protective orders. Defendants will address any subpoenas to the school nurse after reviewing the scope of the subpoena and the proposed method of obtaining information requested.

At the filing of this Report, Defendants intend on filing a Motion to Dismiss the new count pleaded in the Third Amended Complaint.

**2. Expert Witnesses**

Plaintiffs anticipate the disclosure of one or two retained expert witnesses.

Defendants anticipate the disclosure of one or two retained expert witnesses.

**3. Motions for Summary Judgment**

Plaintiffs do not intend on filing a motion for summary judgment.

Defendants intend on filing a motion for summary judgment in this matter. The Motion will be based upon the following theories, among others:

1. ANCRA immunity
2. Plaintiffs cannot produce evidence that the District's reports of abuse of AA to DCFS were made in bad faith.
3. Defendants would have taken the same action of making a hotline call to DCFS even in the absence of the protected conduct.
4. Plaintiffs cannot produce evidence to establish a causal connection between any alleged protected activity by the Plaintiffs and the alleged adverse action to establish their retaliation claims.
5. Plaintiffs cannot produce evidence that an alleged improper search of AA occurred.

Respectfully submitted,

**Counsel for Plaintiffs**

/s/ *Aaron W. Rapier*

Aaron W. Rapier (lead trial attorney)
Rapier Law Firm
1770 Park Street, Suite 200
Naperville, IL 60563
(630) 853-9224 (phone)
IL No. 6270472
arapier@rapierlawfirm.com

**Counsel for Defendants**

/s/ *Ericka J. Thomas*

Ericka J. Thomas
Stephen H. DiNolfo
Ottosen DiNolfo Hasenbalg & Castaldo
1804 N. Naper Blvd., Suite 350
Naperville, IL 60563
630-682-0085
ARDC 6209980
ethomas@ottosenlaw.com